

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

JDG:AMC
F. #2013R01359

*271 Cadman Plaza East*
*Brooklyn, New York 11201*


January 23, 2015


By ECF


The Honorable Sterling Johnson, Jr.
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Diana Durand
      Criminal Docket No. 14-247 (SJ)

The government respectfully submits this letter in response to the request by the New York Times Company (the "New York Times"), submitted to the Court on December 31, 2014 (Dkt. No. 29) (the "Times Letter" or "Times Ltr.") seeking to unseal certain "search warrants, search warrant applications, supporting affidavits, court orders, returns on executed warrants, and any related materials" that were produced in discovery in the above-referenced case. For the reasons set forth below, and as set forth in more detail in the government's letter dated today and submitted under seal, the government requests that the Court grant the New York Times' application in part and deny it in part. Specifically, the government requests that the Court enter limited unsealing orders allowing for the public filing of redacted versions of two of the search warrants and supporting affidavits at issue ("Search Warrant #2" and "Search Warrant #3"), but continue to maintain under seal a third search warrant and supporting affidavit ("Search Warrant #1") (collectively, the "Search Warrants").

I.    Background

On April 25, 2014, the defendant Diana Durand was charged with, among other things, violating the campaign financing laws by contributing more than $10,000 to two federal campaigns to elect individuals to the United States House of Representatives in the names of other individuals, in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(D)(i), exceeding campaign contribution limits, in violation of Title 2, United States Code, Sections 441a(a)(1) and 437g(d)(1)(A)(ii), and making false statements in

The Honorable Sterling Johnson, Jr.
January 23, 2015
Page 2

violation of Title 18, United States Code, Section 1001(a)(2).  On the same day, Michael Grimm was charged in an indictment charging him with tax fraud, mail, wire and healthcare fraud, perjury, obstruction and engaging in a pattern and practice of employing individuals not authorized to work in the United States, all in connection with his ownership and operation of a Manhattan restaurant.  (See United States v. Michael Grimm, 14 CR. 248 (PKC) ("Grimm").)

        On June 9, 2014, the government filed an application (the "Application") for orders unsealing the Search Warrants for the limited purpose of allowing production of those materials to the defendant in discovery, and a corresponding request to file the application for those orders under seal (the "Sealing Request").  (See Dkt. No. 20.)  The Court granted the Sealing Request that day, and permitted the Application to be filed under seal.  By orders dated June 11, 2014, the Court granted the Application, and unsealed the Search Warrants for the limited purpose of producing them to the defendant in discovery.[1]  Members of the press working in the Eastern District of New York, including a reporter for the New York Times, filed a letter dated June 18, 2014 opposing the Application and the Sealing Request.   The government responded to that letter on June 24, 2014.  (Dkt. No. 23.)

        In a Memorandum and Order dated June 26, 2014, the Court granted the government's request to maintain the Search Warrants under seal.  (Dkt. No. 28 (the "Order").)  In so doing, the Court noted the government's representations that the Search Warrants "are evidence in a separate and ongoing criminal investigation" and that unsealing the Search Warrants "may harm the fair trial rights of the suspect in that case."  (Order at 4.)  Accordingly, the Court found that "the obvious danger of impairing law enforcement and judicial efficiency in another case justifies . . . temporarily sealing the search warrants."  (Id.)  The Court further ruled that it expected that the Search Warrants would be "readily available upon the conclusion of the Government's investigation in the separate action."

        On September 3, 2014, the defendant Durand pleaded guilty to one count of making illegal campaign contributions in the names of other individuals, in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(D)(i), pursuant to a plea agreement with the government.  The defendant is scheduled to be sentenced on March 17, 2015.  On December 23, 2014, Grimm pleaded guilty to one count of aiding and assisting the preparation of a false tax return, in violation of Title 26, United States Code, Section 7206(2).  (See Grimm Dkt. No. 81.)  Grimm is scheduled to be sentenced on June 8, 2015.

---

        [1]        The government made a similar limited unsealing request to Judge Chen to permit the production of the Search Warrants to the defendant in discovery in Grimm.  Judge Chen ordered the limited unsealing of the Search Warrants for purposes on May 19, 2014.

The Honorable Sterling Johnson, Jr.
January 23, 2015
Page 3

       In its letter, the New York Times requests that the Search Warrants be unsealed.  The New York Times asserts that the presumption of public access to judicial records such as the Search Warrants can no longer be overcome by law enforcement or fair trial interests because "the underlying criminal investigations" that gave rise to the Search Warrants "have concluded."  (Times Ltr. at 2.)

II.    <u>Argument</u>

       As an initial matter, the government is sensitive to the need to minimize the amount of information in criminal cases that is filed under seal.  <u>See, e.g.</u>, <u>United States v. Aref</u>, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); <u>Lugosch v. Pyramid Co.</u>, 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored").  Accordingly, and as set forth in more detail in the government's letter dated today and submitted under seal (the "January 23 Sealed Letter"), the government requests that the Court enter limited unsealing orders allowing for the public filing of redacted versions of Search Warrant #2 and Search Warrant #3, but continue to maintain Search Warrant #1 under seal.  The proposed redacted versions of the search warrants and their supporting affidavits (as well as unredacted copies) are enclosed with the January 23 Sealed Letter, as are proposed limited unsealing orders.[2]

       The New York Times' application is based principally on its assumption that the investigations giving rise to the Search Warrants are "concluded."  While it is true that both Durand and Grimm have separately pleaded guilty, there is still justification for maintaining Search Warrant #1 under seal.  As set forth in the January 23 Sealed Letter, public disclosure of Search Warrant #1 will negatively affect an on-going investigation, and it should accordingly remain under seal.  <u>See United States v. Amodeo</u>, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation, including the safety of witnesses and law enforcement personnel, and to prevent interference, flight and other obstruction, may be compelling reason justifying sealing).  Moreover, and as set forth in the January 23 Sealed Letter, there is sufficient information contained in Search Warrant #1 that may harm the privacy interests of potential witnesses.  <u>See United States v. Amodeo</u>, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing).  Furthermore, as set forth in the January 23 Sealed Letter, although Search Warrant #1 was provided to both Grimm and Durand in order to comply with the government's discovery obligations, such disclosure was in accordance to protective orders

---

      [2]    As the New York Times' application and this response involves, among other things, discovery materials, applications and orders in <u>Grimm</u>, the government is providing a copy of this letter to Judge Chen as well as a copy of the January 23 Sealed Letter, as well as the proposed orders and redacted search warrant materials enclosed with that submission.

The Honorable Sterling Johnson, Jr.
January 23, 2015
Page 4

issued in both cases prohibiting their disclosure and dissemination beyond the defendants and their defense teams.

In light of the on-going investigation detailed in the January 23 Sealed Letter, the cases cited by the New York Times in support of its application for unsealing of the Search Warrants are distinguishable.  For example, unlike In re Application of Newsday, Inc., 895 F.2d 74, 79 (2d Cir. 1990), the investigation has not ended upon the defendant's plea of guilty and the "need for secrecy" has not terminated.  In addition, even where courts have found a common law or a First Amendment interest with respect to certain search warrant materials, those courts have subordinated such interests to the requirements of an ongoing investigation.  See, e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988) (holding that search warrant materials should remain under seal because "[t]he government . . . demonstrated that restricting public access to th[e] documents is necessitated by a compelling government interest – the on-going investigation"); In re Application of New York Times Co. for Access to Certain Sealed Court Records, 585 F. Supp. 2d 83, 88 (D.D.C. 2008) (applying a qualified First Amendment right to access search warrant materials "after an investigation has concluded"); Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64-65 (4th Cir. 1989) (finding that continued sealing of search warrant affidavits after indictment was appropriate where the subject material may describe a continuing investigation and concluding that no First Amendment right of access to the affidavit existed).

In addition, in light of Grimm's recent guilty plea, and mindful of need to minimize maintaining judicial documents under seal, the government has proposed unsealing Search Warrant #2 and Search Warrant #3, in large part.  As set forth in the January 23 Sealed Letter, the government submits that the Court should enter limited unsealing orders permitting that those search warrant materials be disclosed in redacted form, in order to protect the privacy interests of third parties and the government's interests in on-going investigations.  As further detailed in the January 23 Sealed Letter, the government respectfully submits that the proposed redacted versions of  Search Warrant #2 and Search Warrant #3 are narrowly tailored to provide public access to those materials but also protect governmental and third party interests.

III.   Conclusion

For the reasons set forth above and in more detail in the January 23 Sealed Letter, the government requests that the Court enter limited unsealing orders allowing for the public filing of redacted versions of Search Warrant #2 and Search Warrant #3, but continue to maintain Search Warrant #1 under seal until such time that sealing is no longer necessary. Defense counsel for Grimm and Durand have informed the government that they intend to file a response to this submission and the

The Honorable Sterling Johnson, Jr.
January 23, 2015
Page 5

January 23 Sealed Letter and will request that they be permitted the opportunity to object to the government's proposed unsealing request.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

By:    /s/Anthony M. Capozzolo
       Anthony M. Capozzolo
       Assistant U.S. Attorney

Enclosures

cc:    The Honorable Pamela K. Chen, U.S.D.J. (by Hand)
      David McCraw, Esq., The New York Times Company (by email)
      Stuart Kaplan, Esq. (by ECF)
      Joseph Sconzo, Esq. (by ECF)
      Daniel Rashbaum, Esq. (by email)
      Jeffrey Neiman, Esq. (by email)
      Clerk of the Court (SJ) (by ECF)